LAWRENCE J. SHOEMAKER AND JOHN C. HAYES, CO-PARTNERS TRADING AS THE OXFORD GRAIN & HAY CO., PLAINTIFFS, v. JOHN W. WILEY AND ELLA V. WILEY, DEFENDANTS.

THE NATIONAL BANK OF OXFORD, PLAINTIFF, v. JOHN W. WILEY AND ELLA V. WILEY, DEFENDANTS.

Submitted April, 1940—Decided May 10, 1940.

For the plaintiffs, *Frank F. Patterson, 3d.*

For the defendant, *R. Cooper Brown.*

DONGES, J.   The surviving defendant in these actions, John W. Wiley, seeks the discharge of two judgments entered against him and his late mother, Ella V. Wiley, by confession on bonds and warrants, by the plaintiffs, Lawrence J. Shoemaker and John C. Hayes, co-partners trading as The Oxford Grain and Hay Co. in the one case, and The National Bank of Oxford in the other.   The parties, individuals and the

corporation, are and were at all times during the transactions herein involved, citizens and residents of the State of Pennsylvania.

As security for debts owed, the defendants gave the aforesaid bonds with warrants of attorney to confess judgment. The judgment in favor of the plaintiff bank was entered on October 1st, 1932, and that in favor of the partnership on December 31st, 1932. Ella V. Wiley was seized of real estate in this state on which the aforesaid judgments thereupon became liens. John W. Wiley was her only heir-at-law and such title as she had descended to him upon her death.

On December 28th, 1932, the Wileys executed a deed of assignment for the benefit of creditors under the laws of the State of Pennsylvania. By this deed all their property, including the New Jersey real estate, passed to the assignee. Both the plaintiffs herein presented their claims to the assignee and never withdrew them. The assets of the assigned estate were consumed by administration expenses and preferred claims, so no payments were made the plaintiffs. The New Jersey real estate was apparently considered worthless because, after unsuccessful attempts to realize upon it, the assignee reconveyed it to Ella V. Wiley. The assignee was duly discharged by the Pennsylvania court.

It is established by the depositions that under the law of Pennsylvania, upon presentation of a claim against the estate to the assignee and failure to withdraw such claim before the audit or schedule of distribution, the claim is discharged and no suit, execution or action can thereafter be brought upon the claim.

In this state, however, a creditor holding a lien against the assigned estate of an insolvent debtor does not lose his lien by filing a claim thereon with the assignee. *West Hudson Trust Co.* v. *Wichner,* 121 *N. J. Eq.* 157.

The question here, therefore, is whether the plaintiffs are entitled, under the New Jersey rule of law just mentioned, to retain the liens of their judgments against the real estate here standing in the name now of John W. Wiley. I think they are not. As stated the parties are all residents of Pennsylvania where the assignment for the benefit of creditors was

made and where it was administered under established rules of law. This court held in *Moore* v. *Bonnell,* 31 *N. J. L.* 90, that an assignment for the benefit of creditors made in another state, even if it would have been invalid if made in this state, is good, if permitted by the law of the jurisdiction where it was made, with respect to property located in this state, against the attack of a citizen of the state where it was made. In other words, a resident of the state where the assignment is made cannot be permitted to impeach it in our courts on the ground of its incompatibility with our laws. This rule was approved by the Court of Errors and Appeals in *Bentley* v. *Whittemore,* 19 *N. J. Eq.* 462, where Chief Justice Beasley said:

"In the case of *Moore* v. *Bonnell,* 2 *Vr.* 90, it was held that an assignment for the benefit of creditors, which had been made in New York, and in conformity to the laws of that commonwealth, could not be impeached in our courts by a citizen of that state, on the ground of its incompatibility with our laws. I am not aware that this decision stands in opposition to any authority."

It naturally follows, it seems to me, that if the validity of of the assignment is beyond challenge by a resident of the state where it was made, the effect of the assignment and the proceedings had pursuant to the assignment must likewise be determined by the law of the jurisdiction where the assignment was made. I can see no reason for saying that part of the proceeding, the assignment itself, is controlled by the law of the foreign jurisdiction, but a subsequent part, the effect of presenting a claim, by the law of this state. Residents of the state where the assignment was made must, it seems to me, be bound in all respects by the law of their state relating thereto.

It seems particularly fitting to apply that rule in this case. With full knowledge, it is to be presumed, of the law of Pennsylvania they elected to file their claims with the assignee and seek a share in the estate. They could have withheld and pursued the New Jersey property by judicial sale pursuant to their judgments. They chose to submit their claims to the assignee. In this situation, I think they can no more

challenge the effect of the assignment and their subsequent conduct on the New Jersey property than they could challenge the validity of the assignment itself.

I will hear counsel on the form of the order.